IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMALIE MEADOWS, | ) |
| Plaintiff, | ) |
| | ) No. 3:20-cv-00355 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| FREDERICK DOUGLASS, II | ) |
| *also known as* | ) |
| FREDERICK WILLIAM DOUGLASS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Frederick Douglass, II, a pro se Tennessee resident, filed a "Notice of Removal of Action Under Diversity Jurisdiction." (Doc. No. 1). He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2). As discussed herein, this action will be remanded to the Davidson County General Sessions Court.

### I. BACKGROUND

Plaintiff Amalie Meadows filed an unlawful detainer suit against Defendant in the General Sessions Court of Davidson County, Tennessee, with the case number 20Gt2527. (Doc. No. 1, Attach. 1 at 2). Attached to Defendant's removal petition is a Summons in a Detainer Action. (*Id.* at 1-3). The following background is taken from the Summons. Defendant rented property located at 300 Kate Street, Apartment #D-08, Madison, Tennessee 37115 from Amalie Meadows. (*Id.* at 2). According to the Summons, Defendant owed $2,134.88 in unpaid rent and other charges as of March 17, 2020. (*Id.*) Plaintiff requests possession of the property and a judgment for unpaid rent "and other charges accruing through the date of judgment[,] the cost of physical damages, if any, reasonable attorney fees, court costs and judgment interest." (*Id.*) Plaintiff reserved her rights to

1

recovery of physical and monetary damages as allowed by contract and law. (*Id*. at 3).

Defendant seeks to remove the eviction proceeding to this Court. (Doc. No. 1). He alleges that there is complete diversity between the parties and that the amount in controversy exceeds $75,000. (*Id*. at 2). He further alleges that the proceedings violate the Fair Housing Act. (*Id*. at 2-3).

## II. ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may generally remove "any civil action brought in a State court" if a federal court has original jurisdiction over the action. "'Federal courts are courts of limited jurisdiction,'" *Home Depot U.S.A., Inc. v. Jackson*, __ U.S. __, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)), with subject-matter jurisdiction "over two general types of cases: cases that 'arise[e] under' federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a)." *Id*. These grants of jurisdiction "are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id*. After a case has been removed from state court, a district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

It is the removing party's burden to show that the district court has jurisdiction in a case, and all doubts are resolved in favor of remand. *See Smith v. Nationwide Prop. & Cas. Ins. Co*., 505 F.3d 401, 404 (6th Cir. 2007) (citations omitted). Here, as explained below, Defendant has not met his burden of demonstrating that this Court has either federal-question or diversity jurisdiction in this case.

A.     FEDERAL-QUESTION JURISDICTION

The Court's "review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." *Kitzmann v. Local 619-M Graphic Commuc'ns Conference of Int'l Bd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, the Summons attached to Defendants' removal petition does not invoke federal law; it seeks only eviction, unpaid rent, and related restitution. The face of this pleading, therefore, does not support federal-question jurisdiction. *See Gang Chen v. Rice*, No. 1:19-cv-00308, 2019 WL 6332163, at *1 (E.D. Tenn. Nov. 5, 2019) (quoting 28 U.S.C. § 1331) ("A detainer action is not a 'civil action arising under the Constitution, laws, or treaties of the United States.'"), *report and recommendation adopted*, 2019 WL 6329338 (Nov. 26, 2019); *Banyan Living LLC v. Wright*, No. 5:18CV1584, 2018 WL 3819107, at *1 (N.D. Ohio Aug. 9, 2018) ("The Complaint for Forcible Entry & Detainer and Money Damages filed against Defendant in state court, seeking eviction and back rent, arises solely under state law and does not assert any cause of action arising under federal law.").

To the extent that Defendant seeks to establish federal-question jurisdiction based on his citations to federal authority in the removal petition, he cannot do so. "[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) and citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)). Accordingly, Defendant has not established federal-question jurisdiction.

3

B.  DIVERSITY JURISDICTION

Defendant also has not established that the Court has diversity jurisdiction. As stated above, this grant of jurisdiction requires "diversity of citizenship among the parties" and an amount in controversy that exceeds $75,000. *Home Depot*, 139 S. Ct. at 1746 (citing 28 U.S.C. § 1332(a)). Even assuming diversity of citizenship in this case,[1] the amount in controversy does not support exercising jurisdiction on this basis.

For diversity jurisdiction to exist, the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To satisfy this requirement, Defendant need only "show that it is 'more likely than not' that Plaintiff's claims' exceed $75,000." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 527 (6th Cir. 2018) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)). Here, however, the Summons reflects that Plaintiff seeks $2,134.88 in unpaid rent as of March 17, 2020. (Doc. No. 1, Attach. 1 at 2). Thus, even considering Plaintiff's request for an unspecified monetary judgment to cover "other charges accruing through the date of judgment" and the cost of any physical damages, reasonable attorney fees, court costs, and judgment interest (Doc. No. 1, Attach. 1 at 2), it is clear that this case does not approach the $75,000 amount-in-controversy requirement.

### III.   CONCLUSION

For these reasons, the Court concludes that Defendant has failed to establish that this Court has subject matter jurisdiction over the claims in this case. Accordingly, Defendant's "Notice of

---

[1] The Court notes, however, that diversity of citizenship not clear at this point. Defendant appears to be a citizen of Tennessee, and he asserts that Plaintiff "is a citizen of the State of Nevada with its [sic] nerve Center based in the State of Texas." (Doc. No. 1 at 2). Nonetheless, because Defendant does not satisfy the amount-in-controversy requirement, it is unnecessary to resolve this issue.

4

Removal of Action Under Diversity Jurisdiction" (Doc. No. 1) is **DISMISSED**, and his application to proceed in this Court without prepaying fees and costs (Doc. No. 2) is **DENIED AS MOOT.**

This action is **REMANDED** to the Davidson County General Sessions Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE